# Fox River Butter Company *v.* Dickson Mill & Grain Company, Appellant.

*Landlord and tenant—Oral lease—Evidence—Vacation of premises—Assignment of lease—Case for jury.*

In an action by a tenant against a subtenant to recover rent for a room in the leased premises, where there is evidence that the representatives of the two parties, before the expiration of the term which was about to expire, met and agreed upon an increase of rent for the room for the new term, and that subsequently a written lease was presented by the plaintiff to the defendant, which the latter declined to sign, and the defendant vacated the premises at the end of the existing term, the question is for the jury as to whether the verbal agreement was a definite lease, or whether in contemplation of the parties it was merely preliminary to the signing of a written lease.

Where it appears that after the vacation of the premises that one of the other tenants removed a partition of the room, and occupied a part of it, and that another tenant put some boxes in the room, and there is no evidence that this was done with the knowledge of the plaintiff, but the court submits to the jury the question whether these things were done with the knowledge, acquiescence and consent of the plaintiff, a verdict and judgment for the plaintiff will not be disturbed on appeal.

Where the plaintiff after the vacation of the premises assigned in writing its entire interest in the lease, but subsequently the portion occupied by the defendant was excluded in an assignment which was pasted over the first assignment, the case is for the jury to determine whether it was the intention of the parties to convey

the entire interest, or whether the substitution of the second assignment was a correction of the first and disclosed the real intention of the parties.

In such case a mere conversation between two of the employees of the defendant is irrelevant. What the jury is entitled to know is what passed between the parties to the lease.

Argued March 6, 1918. Appeal, No. 5, March T., 1918, by defendant, from judgment of C. P. Lackawanna Co., June T., 1914, No. 352, on verdict for plaintiff in case of Fox River Butter Co. v. Dickson Mill & Grain Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for rent. Before MAXWELL, P. J., specially presiding.

Verdict and judgment for plaintiff for $345. Defendant appealed.

*Errors assigned* were various rulings on evidence and instructions sufficiently stated in the opinion of the Superior Court.

*C. B. Price,* with him *J. H. Price* and *S. B. Price,* for appellant.—An arrangement of terms in contemplation of written lease is not a perfect agreement upon which an action for use and occupation or for rent, can be maintained: Maitland v. Wilcox, 17 Pa. 231; Jaxtheimer v. Sharpsville Borough, 238 Pa. 42; Proctor v. Benson, 149 Pa. 254; Swing v. Walker, 27 Pa. Superior Ct. 366; Sparks v. Pittsburgh Co., 159 Pa. 295; Brown v. Finney, 53 Pa. 373.

The court erred in instructing the jury with reference to the evidence constituting eviction or rescission: Sailor v. Hertzog, 4 Wharton 259; Briggs v. Thompson, 9 Pa. 338; McClurg v. Price, 59 Pa. 420; Heller v. Royal Ins. Co., 133 Pa. 152.

The assignment of the entire lease and possession taken by the assignee, is a complete defense to this ac-

tion. The court erred in its instruction to the jury concerning the assignment of the lease: Kost v. Theis, 20 W. N. C. 545; Stoddard v. Emery, 128 Pa. 436.

*Cornelius Comegys,* for appellee.—The case was for the jury: Leskie v. Haseltine, 155 Pa. 98; Richards's v. Richards, 46 Pa. 78; Johnston v. Fessler, 7 Watts 48; Shupe v. Galbraith, 32 Pa. 10.

OPINION BY TREXLER, J., July 10, 1918:

The Fox River Butter Company, the lessee of a building in Scranton, subleased to Dickson Mill & Grain Company, the defendant and appellant, a room in said building for a term of fourteen months, expiring April 1, 1913, at an annual rental of $20 per month. Some time prior to the end of the term, Mr. Vail, the agent of the butter company, and Mr. Bolling, an agent of the defendant, had a conversation in which Mr. Vail told Mr. Bolling that the rent for the entire building had been raised by the landlord of the Fox River Butter Company, and that they would require more rent from their subtenants. Mr. Bolling stated that he would have to consult his parties in Philadelphia and after a visit there, he came and reported to Mr. Vail that they would pay the increased rental; the sum being $25 per month. Afterwards the Fox River Butter Company presented a written lease to defendant which it declined to sign, and the question was submitted to the jury as to whether the acceptance of the terms by Mr. Bolling on behalf of the defendant, was a definite leasing concluding both parties or whether in contemplation of the parties it was merely preliminary to the signing of a written lease. As the facts appear in the case, we cannot see how the learned judge could have decided this as a matter of law. He submitted the question very fully to the jury and they decided that the oral contract was closed and that defendant was liable for the rent. The fact that a written lease was submitted was a circumstance proper for the con-

sideration of the jury but we do not think it settled the matter. If the verbal lease was the result of a union of the minds of the two parties, the mere fact that one of the parties desired to reduce the lease to writing would not destroy the verbal contract. On the other hand, if the parties contemplated a written contract, wherein the terms were to be set forth and the matter finally determined, the conclusion would be different. It was a question for the jury. The first and second assignments are overruled.

The defendant vacated the premises on April 1, 1913, and surrendered the keys to plaintiff. The room remained vacant until it appears that one of the other tenants removed the partition separating the room formerly occupied by defendant from the remaining part and occupied a portion of the premises covered by the lease. It also appears that another tenant put some boxes in the place. There is no proof that this was done with the knowledge of the plaintiff. We do not see how it was bound by it. The court, however, submitted to the jury whether this removing of the partition and the putting of some boxes and barrels in the room was done with the knowledge, acquiescence and consent of the plaintiff. In this we think there was no error, and the third and fourth assignments are overruled.

So also is the fifth assignment, which alleges that the court should have entered judgment for defendant n. o. v.

The sixth assignment is directed to the court refusing to admit a conversation between Mr. Dougherty, who was employed by the defendant, and Mr. Bolling, who was co-manager with him. This testimony was clearly irrelevant. What the jury was entitled to know was what passed between the parties to the lease. Conversations had by two employees of the defendant could throw no light on the subject. Afterwards defendant sought to call Bolling for further cross-examination and elicit the same conversation which had been excluded, on the theory that it was preparing ground for contradicting

him. This was merely trying by indirection to get in something that was clearly incompetent, and the court did right in excluding it. The seventh assignment is overruled.

The Fox River Butter Company in March, 1913, assigned the lease which it had upon the premises, of which the room in question formed a part, to Spruks & Company. The original assignment passed the entire interest including a room or space previously rented to defendant, but afterwards the portion occupied by defendant was excluded in an assignment which was pasted over the first assignment. The contention of the defendant is that, having assigned the entire interest, they are not in a position to enforce any claim for rent against the defendant. The court referred to the jury the question whether it was the intention of the parties to convey the entire interest or whether the substitution of the second assignment was a correction of the first and disclosed the real intention of the parties. We see no error in this. The eighth assignment is overruled.

Judgment affirmed.